**Linda OLLE, Plaintiff–Appellant,**

v.

**COLUMBIA UNIVERSITY, Michael Janeway, Andras Szanto, Defendants–Appellees.**

No. 04–5364.

United States Court of Appeals, Second Circuit.

June 1, 2005.

Linda Olle, New York, NY, for Appellant, pro se.

Emily A. Stubbs (Robert D. Kaplan, on the brief), Friedman Kaplan Seiler & Adelman LLP, New York, NY, for Appellees.

Present: MINER, POOLER, Circuit Judges, and BLOCK, District Judge.*

SUMMARY ORDER

Plaintiff-appellant Linda Olle appeals from an order of the district court dismissing, pursuant to Federal Rule of Civil Procedure 56, her claims for gender and age discrimination, retaliation, and hostile work environment under Title VII of the 1964 Civil Rights Act, 42 U.S.C. §§ 2000e–2000e17, and the Age Discrimination in

---

* The Honorable Frederic Block, of the United States District Court for the Eastern District of New York, sitting by designation.

Employment Act, 29 U.S.C. §§ 621–634. We assume the parties' familiarity with the facts, proceedings below, and specification of issues on appeal.

We review a grant of summary judgment de novo. *Morales v. Quintel Entm't, Inc.,* 249 F.3d 115, 121 (2d Cir.2001). Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

■ To demonstrate a hostile work environment, a plaintiff must show such severe or pervasive discriminatory intimidation, ridicule, or insult as to alter the conditions of the plaintiff's employment. *Tomka v. Seiler Corp.,* 66 F.3d 1295, 1305 (2d Cir.1995). Olle was employed to work with defendants in managing an academic fellowship program, and in particular to participate in selecting fellows to join the program. Olle advances numerous examples of discriminatory comments and actions that she suffered while performing these responsibilities. The examples that Olle offers almost universally show no indication of gender or age bias. In the few examples that do show such a possibility of bias, the defendants-appellees produced numerous affidavits demonstrating that these events did not in fact occur as alleged. In any event, these few examples are insufficient to demonstrate the kind of pervasive animus that gives rise to a hostile work environment claim. Olle also argues that an anonymous survey of prior fellows demonstrates pervasive bias. This survey is clearly inadmissible hearsay under the definition of Federal Rule of Evidence 801. Furthermore, affidavits from named individual fellows controvert Olle's characterization of the survey results. In any case, our review of the survey results leads us to conclude that it gives at best minimal support to Olle's claims.

Claims of employment discrimination and retaliation are analyzed under the burden-shifting framework of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–04, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Under this test, the plaintiff must first show a prima facie case of discrimination, the defendant may rebut by demonstrating a non-discriminatory reason for the employment action, and the plaintiff may then show that the given reason is a pretext for discrimination. *Id.* Here, the defendants-appellees have produced evidence of a genuine, good faith effort to resolve nondiscriminatory performance issues with Olle. According to Kathryn Beeby, against whom Olle has produced absolutely no evidence of discrimination, Beeby herself originated the suggestion of eliminating Olle's position on nondiscriminatory staffing and performance grounds. Olle has produced no evidence that would demonstrate a material issue of fact as to whether these reasons are false or pretextual.

Finally, Olle raises on appeal a state law claim that her employment contract was breached by the failure of defendant-appellee Columbia University to provide training in gender and race issues to her and defendants-appellees Janeway and Szanto. This claim was not raised in Olle's complaint, nor does it appear to have been raised below. We also find no abuse of discretion in the district court's decision not to exercise supplemental jurisdiction over Olle's state law tort claim. *See Marcus v. AT & T Corp.,* 138 F.3d 46, 57 (2d Cir.1998). The considerations that support this decision apply with equal force to Olle's contract claim.

For the above reasons, we affirm the judgment of the district court.